# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DAMON R. LONG,

          Appellant,

        v.

OFFICE OF PERSONNEL
   MANAGEMENT,

          Agency.

DOCKET NUMBER
NY-0845-16-0302-I-1

DATE: July 28, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Damon R. Long, San Antonio, Texas, pro se.

Michael Shipley, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for failure to prosecute. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    On September 8, 2016, the appellant filed a Board appeal of an Office of Personnel Management final decision finding that he had been overpaid in retirement annuity benefits. Initial Appeal File (IAF), Tab 1. He subsequently failed to appear for a preliminary status conference on September 30, 2016. IAF, Tab 7. The administrative judge issued a show cause order on September 30, 2016, ordering the appellant to file evidence and argument showing good cause for his failure to appear and rescheduled the status conference for October 11, 2016. *Id.* The appellant failed to appear for the status conference and did not respond to the show cause order.

¶3    On October 11, 2016, the administrative judge issued a second order to show cause and rescheduled the status conference for October 18, 2016. IAF, Tab 11. The appellant again failed to appear for the status conference and did not respond to the show cause order. On October 19, 2016, the administrative judge issued a third show cause order and rescheduled the status conference for October 24, 2016. IAF, Tab 12. The appellant failed to appear for a third status conference, and so, on October 24, 2016, the administrative judge issued an order

noting that he could not reach the appellant because the appellant had not provided a telephone number on his appeal form or in response to a preliminary status conference order. IAF, Tab 13. The three show cause orders informed the appellant that failure to appear for the conference by telephone or in person may result in the imposition of sanctions, including dismissal for lack of prosecution. IAF, Tabs 7, 11-12. On October 25, 2016, the administrative judge issued an initial decision, dismissing the appeal for failure to prosecute. IAF, Tab 14, Initial Decision.

¶4    On December 7, 2016, the appellant filed a petition for review in which he asserts that he did not receive any of the notices below because the address listed on his appeal form was a temporary address, and he moved from New York to Texas in late September 2016. Petition for Review (PFR) File, Tab 1 at 5. The appellant also filed a motion to accept his petition for review as timely, asserting that he did not receive the initial decision until December 7, 2016, when his car was shipped to Texas and he discovered a box of mail in the back. PFR File, Tabs 1, 5. The agency has opposed the appellant's petition. PFR File, Tab 4.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶5    The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal. *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015); 5 C.F.R. § 1201.43(b). Such a sanction should be imposed only when a party has failed to exercise basic due diligence in complying with Board orders, or has exhibited negligence or bad faith in its efforts to comply. *Id.* Repeated failure to respond to multiple Board orders can reflect a failure to exercise basic due diligence. *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 9 (2011). Absent an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions. *Leseman*, 122 M.S.P.R. 139, ¶ 6.

¶6    The record reflects that the three show orders were sent to the appellant at the address he provided on his appeal form.  IAF, Tabs 7, 11-12.  The preliminary status conference order and acknowledgment order were initially sent to an incorrect address.  IAF, Tab 2 at 20, Tab 3 at 3.  Thus, the appellant's failure to appear at the preliminary status conference on September 30, 2016, may have been excused.  However, both orders were subsequently sent to the appellant's correct address of record on September 30, 2016.  IAF, Tab 7 at 1, 3.  The appellant did not respond to these orders or any of the other orders that were properly served on him.

¶7    Although the appellant contends that he informed a customer service agent that his address was temporary, PFR File, Tab 1 at 5, the Board's regulations provide that an appellant is responsible for notifying the Board in writing of any change of address, 5 C.F.R. § 1201.26(b)(2).  The Board's appeal form similarly notified the appellant of this requirement.  IAF, Tab 1 at 7.  Further, the appellant does not contend that he ever informed the Board of his new address.  The appellant's failure to keep the Board informed of his correct address delayed his receipt of documents essential to his appeal and indicates a lack of due diligence and ordinary prudence on his part.  *See Jacks v. Department of the Air Force*, 114 M.S.P.R. 355, ¶ 8 (2010) (finding that the appellant's failure to notify the Board of a change in address caused a delay in his receipt of the initial decision and did not reflect due diligence).  We find that the appellant has not shown that he exercised basic due diligence by timely updating his contact information so that he could stay abreast of the developments in his appeal.  Nor does the record contain any evidence that the appellant took any steps to pursue his appeal between September 8, 2016, when he filed his appeal, and December 7, 2016, when he filed his petition for review.

¶8    Based on the foregoing, we agree with the administrative judge's finding that dismissal was an appropriate sanction, and we further find that the appellant failed to exercise basic due diligence in prosecuting his appeal.  Accordingly, we

affirm the initial decision's dismissal of the appeal with prejudice for failure to prosecute.[2]

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[2] In light of our decision, we need not address the timeliness of the appellant's petition for review.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.